COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-115-CR

 

EDUARDO RIVAS DELGADO                                                  APPELLANT

A/K/A
EDUARDO D. RIVAS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                           I. Introduction








Appellant Eduardo Rivas
Delgado a/k/a Eduardo D. Rivas appeals his conviction for possession of between
four and 200 grams of cocaine.  In his
sole issue, Rivas contends that the trial court erred at guilt-innocence by
failing to instruct the jury, sua sponte, that it could not consider extraneous
offense evidence against Rivas, unless it first found beyond a reasonable doubt
that Rivas committed the offense.  We
affirm.

                      II. Factual Background and Procedural
History

On September 10, 2004,
undercover narcotics officers of the Fort Worth Police Department were
conducting surveillance on Mi Casa Bar, a well-known site for drug
activity.  At some point, one of the
officers detained and questioned a man, later identified as Carlos Morales, for
conducting what looked like a drug transaction. 
During the detention, the officer discovered cocaine in Morales=s pocket.  When questioned,
Morales immediately gave the officer a description of the man he claimed had
given him the cocaine and also that man=s location within Mi Casa Bar.

The officers entered Mi Casa,
looked in the direction of the location Morales had indicated and noticed
Rivas, who was the only person sitting at the bar.  One of the officers testified that when Rivas
noticed the officers, he reached into his pocket, boosted himself partially
over the bar, and made a dropping or throwing motion.  Rivas however, testifed that his back was to
the officers the entire time and that he did not notice their arrival until one
of the officers had walked behind the bar. 
The officer behind the bar went to investigate and discovered two clear
plastic bags containing a total of .81 grams of cocaine.








The officers arrested Rivas
and transported him to a predetermined location not far from the Mi Casa Bar to
meet up with another undercover officer. 
One of the officers informed Rivas of his constitutional rights and
asked Rivas for his consent to search his car located in Mi Casa=s parking lot.  Rivas consented
to the search and upon gaining entry, the officers discovered 4.92 grams of
cocaine in a black, zippered pouch under the driver=s seat.

Rivas was indicted for
possession of between four and 200 grams of cocaine.  He pleaded not guilty to the charge and was
tried before a jury.

During the guilt-innocence
phase of trial, the officer who had witnessed the apparent drug transaction by
Morales and the officer who eventually detained Morales testified to Morales=s conduct and his identification of Rivas as the person who had given
Morales the cocaine found in his possession. 
Rivas testified on his own behalf. 
On cross-examination the State questioned Rivas about whether he had
sold Morales drugs; however, Rivas denied selling the drugs.

Rivas was convicted of
possession of a controlled substance. 
The trial court assessed Rivas=s punishment at a fine of $350 and a three years= incarceration, but suspended imposition of the sentence and placed
Rivas on five years= community
supervision.

                 III. Extraneous Offense Reasonable Doubt
Instruction








In his sole issue, Rivas
complains that the trial court erred by failing to include a sua sponte
reasonable doubt instruction regarding extraneous offense evidence in the jury
charge at guilt-innocence.  It is undisputed
that Rivas never requested such an instruction. 
Rivas contends, however, that the trial court was required to instruct
the jury sua sponte not to consider evidence of the extraneous offense he
committed, selling cocaine to Morales, unless his commission of that offense
was proven beyond a reasonable doubt. 
This argument is in direct opposition to our prior opinion in Allen
v. State.  180 S.W.3d 260, 264 (Tex.
App.CFort Worth 2005, no pet.) (holding a sua sponte reasonable doubt
instruction is not required at guilt-innocence).

In Huizar v. State,
the court of criminal appeals held that the reasonable doubt instruction
mandated by article 37.07, section 3(a) is statutorily prescribed law
applicable to the case at the punishment phase of a noncapital trial.  12 S.W.3d 479, 484 (Tex. Crim. App.
2000).  Therefore, the Huizar
court held a trial court must sua sponte include a reasonable doubt instruction
regarding extraneous offense evidence at the punishment phase of trial.  Id.








Article 37.07, section 3(a)
is not, however, the law applicable to the case at the guilt-innocence phase of
trial; the statutory language specifically restricts its application to the
punishment phase.  See Tex. Code
Crim. Proc. Ann. art.
37.07, _ 3(a) (Vernon 2006).  Moreover,
Rivas has not cited any case, and our research has revealed none, in which the
court of criminal appeals has held that a sua sponte reasonable doubt
instruction regarding extraneous offenses is required at guilt-innocence.[2]  Accordingly, we again decline to extend Huizar
to hold that a sua sponte reasonable doubt instruction regarding extraneous
offense evidence was required at the guilt-innocence phase of Rivas=s trial.[3]  Thus, the trial court committed no error by
not giving the instruction.  We overrule
Rivas=s sole issue.

                                          IV. Conclusion

Having overruled Rivas=s sole issue, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    MCCOY, DAUPHINOT, and
HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 7, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
court of criminal appeals has held only that such an instruction is required at
guilt-innocence if the defendant requests one. 
See, e.g., Ex parte Varelas, 45 S.W.3d 627, 631
(Tex. Crim. App. 2001) (citing Mitchell v. State, 931 S.W.2d 950, 954
(Tex. Crim. App. 1996) (plurality op.) and Harrell v. State, 884 S.W.2d
154, 157 (Tex. Crim. App. 1994)).





[3]The
intermediate courts of appeals are split over whether Huizar should be
extended to require a sua sponte reasonable doubt instruction for extraneous
offense evidence at guilt-innocence.  See
Allen, 180 S.W.3d at 266 n.21 (citing the various courts of appeals
decisions that have confronted the issue).