COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-115-CR

EDUARDO RIVAS DELGADO APPELLANT

A/K/A EDUARDO D. RIVAS

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Eduardo Rivas Delgado a/k/a Eduardo D. Rivas appeals his conviction for possession of between four and 200 grams of cocaine.  In his sole issue, Rivas contends that the trial court erred at guilt-innocence by failing to instruct the jury, sua sponte, that it could not consider extraneous offense evidence against Rivas, unless it first found beyond a reasonable doubt that Rivas committed the offense.  We affirm.

II. Factual Background and Procedural History

On September 10, 2004, undercover narcotics officers of the Fort Worth Police Department were conducting surveillance on Mi Casa Bar, a well-known site for drug activity.  At some point, one of the officers detained and questioned a man, later identified as Carlos Morales, for conducting what looked like a drug transaction.  During the detention, the officer discovered cocaine in Morales’s pocket.  When questioned, Morales immediately gave the officer a description of the man he claimed had given him the cocaine and also that man’s location within Mi Casa Bar.  

The officers entered Mi Casa, looked in the direction of the location Morales had indicated and noticed Rivas, who was the only person sitting at the bar.  One of the officers testified that when Rivas noticed the officers, he reached into his pocket, boosted himself partially over the bar, and made a dropping or throwing motion.  Rivas however, testifed that his back was to the officers the entire time and that he did not notice their arrival until one of the officers had walked behind the bar.  The officer behind the bar went to investigate and discovered two clear plastic bags containing a total of .81 grams of cocaine. 

The officers arrested Rivas and transported him to a predetermined location not far from the Mi Casa Bar to meet up with another undercover officer.  One of the officers informed Rivas of his constitutional rights and asked Rivas for his consent to search his car located in Mi Casa’s parking lot.  Rivas consented to the search and upon gaining entry, the officers discovered 4.92 grams of cocaine in a black, zippered pouch under the driver’s seat.

Rivas was indicted for possession of between four and 200 grams of cocaine.  He pleaded not guilty to the charge and was tried before a jury. 

During the guilt-innocence phase of trial, the officer who had witnessed the apparent drug transaction by Morales and the officer who eventually detained Morales testified to Morales’s conduct and his identification of Rivas as the person who had given Morales the cocaine found in his possession.  Rivas testified on his own behalf.  On cross-examination the State questioned Rivas about whether he had sold Morales drugs; however, Rivas denied selling the drugs.

Rivas was convicted of possession of a controlled substance.  The trial court assessed Rivas’s punishment at a fine of $350 and a three years’ incarceration, but suspended imposition of the sentence and placed Rivas on five years’ community supervision.

III. Extraneous Offense Reasonable Doubt Instruction

In his sole issue, Rivas complains that the trial court erred by failing to include a sua sponte reasonable doubt instruction regarding extraneous offense evidence in the jury charge at guilt-innocence.  It is undisputed that Rivas never requested such an instruction.  Rivas contends, however, that the trial court was required to instruct the jury sua sponte not to consider evidence of the extraneous offense he committed, selling cocaine to Morales, unless his commission of that offense was proven beyond a reasonable doubt.  This argument is in direct opposition to our prior opinion in 
Allen v. State
.  
180 S.W.3d 260, 264 (Tex. App.—Fort Worth 2005, no pet.) (holding a sua sponte reasonable doubt instruction is not required at guilt-innocence). 

In 
Huizar v. State
, the court of criminal appeals held that the reasonable doubt instruction mandated by article 37.07, section 3(a) is statutorily prescribed law applicable to the case at the punishment phase of a noncapital trial
.  
12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  Therefore, the 
Huizar
 court held a trial court must sua sponte include a reasonable doubt instruction regarding extraneous offense evidence at the punishment phase of trial.  
Id
.  

Article 37.07, section 3(a) is not, however, the law applicable to the case at the guilt-innocence phase of trial; the statutory language specifically restricts its application to the punishment phase.  
See
 
T
ex
. C
ode
 C
rim
. P
roc
. A
nn
.
 
art
. 37.07, ྷ 3(
a) (Vernon 2006).  Moreover, Rivas has not cited any case, and our research has revealed none, in which the court of criminal appeals has held that a sua sponte reasonable doubt instruction regarding extraneous offenses is required at guilt-innocence.
(footnote: 2)  Accordingly, we again decline to extend 
Huizar
 to hold that a sua sponte reasonable doubt instruction regarding extraneous offense evidence was required at the guilt-innocence phase of Rivas’s trial.
(footnote: 3)  Thus, the trial court committed no error by not giving the instruction.  We overrule Rivas’s sole issue.

IV. Conclusion

Having overruled Rivas’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The court of criminal appeals has held only that such an instruction is required at guilt-innocence if the defendant requests one.  
See
, 
e.g.
, 
Ex parte Varelas
, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001) (citing 
Mitchell v. State
, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (plurality op.) and 
Harrell v. State
, 884 S.W.2d 154, 157 (Tex. Crim. App. 1994)).

3:
The intermediate courts of appeals are split over whether 
Huizar
 should be extended to require a sua sponte reasonable doubt instruction for extraneous offense evidence at guilt-innocence.  
See Allen
, 180 S.W.3d at 266 n.21 (citing the various courts of appeals decisions that have confronted the issue).