# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00229-CR

David Glynn Reynolds II, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 58297, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant David Glynn Reynolds II, of the offense of sexual assault of a child and assessed punishment at 13 years' confinement, plus a $10,000 fine. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2006). In his sole issue on appeal, Reynolds contends that the district court erred by failing to sua sponte instruct the jury on the State's burden of proof regarding extraneous offense evidence admitted during the guilt/innocence phase of trial. We will affirm.

## BACKGROUND

The jury heard evidence that Reynolds, a 30-year-old man, had a sexual relationship with S. W, then a 15-year-old girl, while Reynolds was working as a youth minister at S. W.'s church. S. W. testified that her relationship with Reynolds began as a friendship. Reynolds was the "mime minister" for S. W.'s church, directing separate teams of boys and girls in the performance

of Bible passages using interpretative dance. S. W. joined the girls team when she was 14 and gradually developed a "crush" on Reynolds because he was a "fun person to be around." S. W. explained that she frequently talked with Reynolds over the phone and exchanged many text messages with him, primarily discussing problems with her parents and other team members. However, some of the text messages were of a sexual nature, and "fragments" of these messages were later recovered by the authorities and admitted into evidence. Eventually the relationship between S. W. and Reynolds escalated into a series of sexual encounters. Through the testimony of S. W. and Dana White, a sexual assault nurse who examined S. W., the jury heard evidence of multiple sexual acts between Reynolds and S. W., including intercourse. S. W. testified that she believed she only engaged in intercourse with Reynolds once but, "because there had been so many incidents," S. W. was uncertain and testified that it could have happened twice.[1]

The indictment alleged only one act of sexual assault—penetration of S. W.'s sexual organ with Reynolds's sexual organ. The State introduced evidence of Reynolds's other sexual acts with S. W. as proof of a scheme by Reynolds to seduce an underage girl into having sexual intercourse with him. The jury found Reynolds guilty of sexual assault.

In the punishment phase of the trial, the State introduced evidence that Reynolds was then on deferred adjudication for injury to another child that had been reduced from an initial charge of sexual assault to a child. That victim testified to a series of acts by Reynolds similar to those involving S. W.: the victim met Reynolds at the church while she was 14, they began communicating

---

[1] Because S. W. was under age 17 at the time, consent was not an element of the offense. *See* Tex. Penal Code Ann. § 22.011(a)(2), (c) (West Supp. 2006).

via cell phone, Reynolds sided with her in conflicts with her parents, and gradually cultivated a close friendship that became sexual and involved intercourse.

The district court sua sponte charged the jury during the punishment phase that it could not consider the extraneous offense in assessing punishment unless it believed, beyond a reasonable doubt, that Reynolds committed the offense. *See Huizar v. State*, 12 S.W.3d 479, 481-82 (Tex. Crim. App. 2000). The court gave no such instruction during the guilt/innocence phase, however, nor did Reynolds request it or object to its omission. The jury assessed punishment at 13 years' confinement, plus a $10,000 fine.

## DISCUSSION

In *Huizar v. State*, the court of criminal appeals, applying article 37.07 of the code of criminal procedure, held that trial courts must instruct the jury that extraneous offense evidence may not be considered in assessing punishment unless the fact-finder is satisfied beyond a reasonable doubt that the extraneous offense is attributable to the defendant and that this instruction must be given even if not requested by the defendant. 12 S.W.3d at 481-82; *see* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2006). In his sole issue on appeal, Reynolds argues that *Huizar*'s reasoning also extends to the guilt/innocence phase of the trial and that the district court's failure to give a reasonable doubt instruction sua sponte was egregious error and harmful. *See Huizar*, 12 S.W.3d at 484-85; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)(op. on reh'g).

The court of criminal appeals has held that, *if so requested*, a trial court must instruct the jury not to consider extraneous offense evidence admitted during the guilt/innocence phase

3

unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. *George v. State*, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994). But to date, the court of criminal appeals has not addressed whether trial courts are required to give such an instruction absent a request. Our sister courts have split on this issue. *Compare Allen v. State*, 180 S.W.3d 260, 266 (Tex. App.—Fort Worth 2005, no pet.); *Rodriguez v. State*, 137 S.W.3d 228, 231 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Gilbert v. State*, No. 14-02-00727-CR, 2003 Tex. App. LEXIS 8158, at *12 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op., not designated for publication); *Salazar v. State*, No. 07-01-0389-CR, 2002 Tex. App. LEXIS 1335, at *10 (Tex. App.—Amarillo Feb. 21, 2002, pet. denied) (not designated for publication) (burden-of-proof instruction not required unless requested) *with Rodgers v. State*, 180 S.W.3d 716, 724 (Tex. App.—Waco 2005, no pet.); *Chapa v. State*, No. 04-02-00346-CR, 2003 Tex. App. LEXIS 2091, at *3 (Tex. App.—San Antonio March 12, 2003, pet. ref'd) (mem. op., not designated for publication); *Arnold v. State*, No. 05-01-01733-CR, 2002 Tex. App. LEXIS 8186, at *4 (Tex. App.—Dallas Nov. 20, 2002, no pet.) (not designated for publication) (instruction required even if not requested).

In *Wright v. State*, No. 03-05-00419-CR, 2006 Tex. App. LEXIS 9322 (Tex. App.—Austin Oct. 25, 2006, pet. filed), this Court held that article 37.07 is limited to the punishment phase of the trial and, therefore, so is the *Huizar* rule. *Id*. at *27-29. Unless and until the court of criminal appeals instructs us otherwise, we will follow our prior opinion in *Wright*. As *Wright* is squarely contrary to Reynolds's contention that the district court was required to sua sponte

4

instruct the jury on the burden of proof regarding extraneous offenses during guilt/innocence, we

overrule his issue on appeal.[2]

## CONCLUSION

Having overruled Reynolds's sole issue on appeal, we affirm the judgment of the

district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   February 7, 2007

Do Not Publish

---

[2] We thus need not reach the State's alternative argument that proof of Reynolds's other sexual acts with S.W. were not extraneous offenses but "rather are so interwoven and blended with the offense charged as to constitute same transaction contextual evidence." *See Rogers v. State*, 853 S.W.2d 29, 33(Tex. Crim. App. 1993) ("same transaction contextual evidence" exception refers to situations in which "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others.").