COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-136-CR

 

 

STANLEY DEWAYNE WILSON                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Stanley Dewayne Wilson
appeals from his conviction for capital murder while in the course of
committing or attempting to commit robbery. 
We affirm.

In his first two points,
appellant argues that the evidence is legally and factually insufficient to
establish the decedent=s identity
because no witness linked the person that the medical examiner autopsied on
April 29, 2005 to the person that appellant shot.








The State introduced four
photographs, two of which the medical examiner identified as the Sandro Reyes
that he had autopsied, one that Reyes=s brother, Marco, identified as Reyes, and one that a police detective
identified as Reyes.  The jury was
capable of comparing the photographs and concluding that they all depicted the
same individual.[2]

Further, Dawn Fuller, Reyes=s neighbor, testified that, on April 29, 2005, she heard appellant and
Reyes arguing in the Cypress Club Apartments parking lot after Reyes had parked
and exited his truck.  Fuller looked out
her bedroom window and saw appellant point a gun at Reyes.  She heard a Apop,@ and Reyes
fell to the ground.  In addition, Marco
testified that he went to the Cypress Club Apartments parking lot, where he
found Reyes shot in the chest and unresponsive.








Applying the appropriate
standards of review,[3]
we hold that the evidence is legally and factually sufficient to establish
Reyes=s identity beyond a reasonable doubt.

Appellant also argues that
the evidence is legally and factually insufficient to establish that he
murdered Reyes while in the course of committing or attempting to commit
robbery.  Appellant contends that there
is no direct evidence that he robbed Reyes, that there is no evidence of the
topic of conversation between him and Reyes before the shooting, and that he
could have been retrieving his own property from Reyes rather than committing
or attempting to commit theft or robbery.








A person commits robbery if,
in the course of committing theft and with the intent to obtain or maintain
control of the property, he intentionally, knowingly, or recklessly causes
bodily injury to another.[4]  A person commits theft if he unlawfully
appropriates property with intent to deprive the owner of it.[5]  For a murder to qualify as capital murder,
the killer=s intent to
rob must be formed before or at the time of the murder.[6]
 The jury may infer the requisite
intent from the defendant=s conduct.[7]

In this case, Fuller
testified that she heard appellant and Reyes arguing in the apartment parking
lot after Reyes parked and exited his truck.[8]  Fuller could not understand the words spoken;
however, the discussion appeared angry and got louder as appellant kept asking
whatever he was asking Reyes.  Appellant
pointed a gun at Reyes, who stood with his hands at his sides and made no
attempt to fight appellant off.  After
appellant shot Reyes and he fell to the ground, appellant held the gun for
about ten seconds.  Then he dropped it
and went through one of Reyes=s pockets.  Appellant took Reyes=s keys, walked to Reyes=s truck, walked back to Reyes=s body to retrieve the gun, and drove away in Reyes=s truck.  When appellant
attempted to leave the gated parking lot, however, he drove Reyes=s truck into a drainage culvert. 
Appellant then fled on foot. 








Applying the appropriate
standards of review,[9]
we hold that the jury reasonably could have found from the evidence beyond a
reasonable doubt that appellant shot Reyes in order to steal his truck.  Circumstantial evidence, by itself, can be
sufficient to support the jury=s verdict,[10]
and the jury could have inferred appellant=s intent from appellant=s post-shooting conduct.[11]  Appellant=s argument that he may have been retrieving his own property from
Reyes lacks any evidentiary support and is sheer speculation.  Therefore, we hold that the evidence is
legally and factually sufficient to establish that appellant killed Reyes while
committing or attempting to commit robbery. 
We overrule appellant=s first and second points.








In his third point, appellant
argues that the trial court erred by failing to instruct the jury, sua sponte,
that the jury could not consider extraneous offense evidence unless it found
beyond a reasonable doubt that appellant had committed the extraneous offense.
Appellant acknowledges that he did not request such an instruction or object to
its omission from the charge.  We have
held that a trial court is not required to give a sua sponte reasonable doubt
instruction regarding extraneous offense evidence at the guilt‑innocence
phase of trial.[12]  Accordingly, we overrule appellant=s third point.

In his fourth point,
appellant complains that the trial court improperly denied his request for a
jury charge on the lesser-included offense of murder.[13]


An accused is entitled to an
instruction on a lesser-included offense if there is some evidence in the
record that would permit a jury to rationally find that, if the defendant is
guilty, he is guilty only of the lesser offense.[14]  Thus, if there is evidence that appellant
intentionally killed Reyes by shooting him, but that he did not intend to rob
or attempt to rob Reyes, then appellant was entitled to a charge on the
lesser-included offense of murder.








Appellant argues that two
pieces of evidence show that he did not intend to rob Reyes.  First, appellant waited about ten seconds
after the shooting before dropping the gun and retrieving Reyes=s keys from his pants pocket. 
Appellant contends that this evidence shows that he was shocked when he
killed Reyes and that he did not intend to rob Reyes before or at the time he
killed him; instead, the robbery was an afterthought.  Second, after the murder, appellant flagged
down a passerby and told her he needed a ride to Dallas because he=d gotten into a fight with his girlfriend.  Appellant argues that this statement is
evidence that the shooting occurred during a fight between appellant and
Reyes.  We disagree with both arguments.

There is no evidence that
appellant=s motive for
killing Reyes was anything other than robbery. 
Fuller testified that appellant purposefully went through appellant=s pants pocket after the shooting, took appellant=s keys, and attempted to drive off in appellant=s truck.  Appellant=s alleged surprise over killing Reyes and his ten-second delay in
taking his keys are not evidence that appellant had no intent to rob Reyes
before or at the time he shot him. 
Further, appellant did not offer any evidence that he did not intend to
rob Reyes.[15]  Moreover, there is no evidence that the
shooting occurred during a fight between Reyes and appellant.  Fuller testified that Reyes stood with his
arms at his sides and did not attempt to fight appellant.








Having reviewed the record,
we conclude that there is no evidence from which a jury rationally could have
found that appellant intended only to kill appellant and not to rob him.  Accordingly, we hold that the trial court did
not err by refusing to charge the jury on the lesser-included offense of
murder.  We overrule appellant=s fourth point.

Having overruled all of appellant=s points, we affirm the trial court=s judgment.        

PER CURIAM

 

PANEL F: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P.
47.2(b)

 

DELIVERED:  June 28, 2007











[1]See Tex. R. App. P. 47.4.





[2]See
Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984)
(holding that  the jury was capable of
comparing the photographs of the accused in two different penitentiary packets
and concluding that they were the same individual); Durham v. State, No.
10-04-00248-CR, 2005 WL 2787550 at *8 n.5 (Tex. App.CWaco
Oct. 26, 2005, pet. ref=d)
(mem. op., not designated for publication) (holding that the jury could
determine the deceased child=s identity by comparing pre-
and postmortem photographs and written autopsy identification materials).





[3]See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out legal
sufficiency standard of review); Watson v. State, 204 S.W.3d 404,
414-15, 417 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795,
799 (Tex. Crim. App. 2005) (both setting out factual sufficiency standard). 





[4]Tex. Penal Code Ann. ' 29.02(a)
(Vernon 2003).





[5]Id. '
31.03(a) (Vernon Supp. 2006).





[6]Alvarado
v. State, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995).





[7]Id.; Robertson
v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993), cert. denied,
513 U.S. 853 (1994).





[8]Fuller
testified that she knew the truck was Reyes=s because they always parked
next to each other in the apartment parking lot.  Reyes=s brother Marco also
testified that Reyes owned the truck.  See
Tex. Penal Code Ann. '
1.07(a)(35)(A) (Vernon Supp. 2006) (defining Aowner@ to
include a person who has title to the property, possession of the property, or
a greater right to possession of the property than the actor).





[9]See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Watson, 204 S.W.3d at 414-15, 417.





[10]Kutzner
v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).





[11]See
Alvarado, 912 S.W.2d at 207; Robertson, 871 S.W.2d
at 705.





[12]Allen
v. State, 180 S.W.3d 260, 266 (Tex. App.CFort
Worth 2005, no pet.).





[13]The
State concedes that murder is a lesser-included offense of capital murder.  See McKinney v. State, 207 S.W.3d 366,
370 (Tex. Crim. App. 2006).





[14]Salinas
v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005);
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert.
denied, 510 U.S. 919 (1993).





[15]See
Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (AIf a
defendant either presents evidence that he committed no offense or presents no
evidence, and there is no evidence otherwise showing he is guilty only of a
lesser included offense, then a charge on a lesser included offense is not
required.@).