COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-136-CR

STANLEY DEWAYNE WILSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Stanley Dewayne Wilson appeals from his conviction for capital murder while in the course of committing or attempting to commit robbery.  We affirm.

In his first two points, appellant argues that the evidence is legally and factually insufficient to establish the decedent’s identity because no witness linked the person that the medical examiner autopsied on April 29, 2005 to the person that appellant shot.

The State introduced four photographs, two of which the medical examiner identified as the Sandro Reyes that he had autopsied, one that Reyes’s brother, Marco, identified as Reyes, and one that a police detective identified as Reyes.  The jury was capable of comparing the photographs and concluding that they all depicted the same individual.
(footnote: 2)
 Further, Dawn Fuller, Reyes’s neighbor, testified that, on April 29, 2005, she heard appellant and Reyes arguing in the Cypress Club Apartments parking lot after Reyes had parked and exited his truck.  Fuller looked out her bedroom window and saw appellant point a gun at Reyes.  She heard a “pop,” and Reyes fell to the ground.  In addition, Marco testified that he went to the Cypress Club Apartments parking lot, where he found Reyes shot in the chest and unresponsive.

Applying the appropriate standards of review,
(footnote: 3) we hold that the evidence is legally and factually sufficient to establish Reyes’s identity beyond a reasonable doubt.

Appellant also argues that the evidence is legally and factually insufficient to establish that he murdered Reyes while in the course of committing or attempting to commit robbery.  Appellant contends that there is no direct evidence that he robbed Reyes, that there is no evidence of the topic of conversation between him and Reyes before the shooting, and that he could have been retrieving his own property from Reyes rather than committing or attempting to commit theft or robbery.

A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another.
(footnote: 4)  A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it.
(footnote: 5)  For a murder to qualify as capital murder, the killer’s intent to rob must be formed before or at the time of the murder.
(footnote: 6) 
 
The jury may infer the requisite intent from the defendant’s conduct.
(footnote: 7)
 In this case, Fuller testified that she heard appellant and Reyes arguing in the apartment parking lot after Reyes parked and exited his truck.
(footnote: 8)  Fuller could not understand the words spoken; however, the discussion appeared angry and got louder as appellant kept asking whatever he was asking Reyes.  Appellant pointed a gun at Reyes, who stood with his hands at his sides and made no attempt to fight appellant off.  After appellant shot Reyes and he fell to the ground, appellant held the gun for about ten seconds.  Then he dropped it and went through one of Reyes’s pockets.  Appellant took Reyes’s keys, walked to Reyes’s truck, walked back to Reyes’s body to retrieve the gun, and drove away in Reyes’s truck.  When appellant attempted to leave the gated parking lot, however, he drove Reyes’s truck into a drainage culvert.  Appellant then fled on foot. 

Applying the appropriate standards of review,
(footnote: 9) we hold that the jury reasonably could have found from the evidence beyond a reasonable doubt that appellant shot Reyes in order to steal his truck.  Circumstantial evidence, by itself, can be sufficient to support the jury’s verdict,
(footnote: 10) and the jury could have inferred appellant’s intent from appellant’s post-shooting conduct.
(footnote: 11)  Appellant’s argument that he may have been retrieving his own property from Reyes lacks any evidentiary support and is sheer speculation.  Therefore, we hold that the evidence is legally and factually sufficient to establish that appellant killed Reyes while committing or attempting to commit robbery.  We overrule appellant’s first and second points.

In his third point, appellant argues that the trial court erred by failing to instruct the jury, sua sponte, that the jury could not consider extraneous offense evidence unless it found beyond a reasonable doubt that appellant had committed the extraneous offense. Appellant acknowledges that he did not request such an instruction or object to its omission from the charge.  We have held that a trial court is not required to give a sua sponte reasonable doubt instruction regarding extraneous offense evidence at the guilt-innocence phase of trial.
(footnote: 12)  Accordingly, we overrule appellant’s third point.

In his fourth point, appellant complains that the trial court improperly denied his request for a jury charge on the lesser-included offense of murder.
(footnote: 13) 

An accused is entitled to an instruction on a lesser-included offense if 
there is some 
evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense.
(footnote: 14) 
 Thus, if there is evidence that appellant intentionally killed Reyes by shooting him, but that he did not intend to rob or attempt to rob Reyes, then appellant was entitled to a charge on the lesser-included offense of murder.

Appellant argues that two pieces of evidence show that he did not intend to rob Reyes.  First, appellant waited about ten seconds after the shooting before dropping the gun and retrieving Reyes’s keys from his pants pocket.  Appellant contends that this evidence shows that he was shocked when he killed Reyes and that he did not intend to rob Reyes before or at the time he killed him; instead, the robbery was an afterthought.  Second, after the murder, appellant flagged down a passerby and told her he needed a ride to Dallas because he’d gotten into a fight with his girlfriend.  Appellant argues that this statement is evidence that the shooting occurred during a fight between appellant and Reyes.  We disagree with both arguments.

There is no evidence that appellant’s motive for killing Reyes was anything other than robbery.  Fuller testified that appellant purposefully went through appellant’s pants pocket after the shooting, took appellant’s keys, and attempted to drive off in appellant’s truck.  Appellant’s alleged surprise over killing Reyes and his ten-second delay in taking his keys are not evidence that appellant had no intent to rob Reyes before or at the time he shot him.  Further, appellant did not offer any evidence that he did not intend to rob Reyes.
(footnote: 15)  Moreover, there is no evidence that the shooting occurred during a fight between Reyes and appellant.  Fuller testified that Reyes stood with his arms at his sides and did not attempt to fight appellant.

Having reviewed the record, we conclude that there is no evidence from which a jury rationally could have found that appellant intended only to kill appellant and not to rob him.  Accordingly, we hold that the trial court did not err by refusing to charge the jury on the lesser-included offense of murder.  We overrule appellant’s fourth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 28, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Littles v. State,
 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (holding that  the jury was capable of comparing the photographs of the accused in two different penitentiary packets and concluding that they were the same individual); 
Durham v. State,
 No. 10-04-00248-CR, 2005 WL 2787550 at *8 n.5 (Tex. App.—Waco Oct. 26, 2005, pet. ref’d) (mem. op., not designated for publication) (holding that the jury could determine the deceased child’s identity by comparing pre- and postmortem photographs and written autopsy identification materials).

3:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both setting out legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (both setting out factual sufficiency standard). 

4:
Tex. Penal Code Ann.
 § 29.02(a) (Vernon 2003).

5:
Id.
 § 31.03(a) (Vernon Supp. 2006).

6:
Alvarado v. State,
 912 S.W.2d 199, 207 (Tex. Crim. App. 1995).

7:
Id.;
 
Robertson v. State,
 871 S.W.2d 701, 705 (Tex. Crim. App. 1993), 
cert. denied,
 513 U.S. 853 (1994).

8:
Fuller testified that she knew the truck was Reyes’s because they always parked next to each other in the apartment parking lot.  Reyes’s brother Marco also testified that Reyes owned the truck.  
See
 
Tex. Penal Code Ann.
 § 1.07(a)(35)(A) (Vernon Supp. 2006) (defining “owner” to include a person who has title to the property, possession of the property, or a greater right to possession of the property than the actor).

9:
See
 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Watson,
 204 S.W.3d at 414-15, 417
.

10:
Kutzner v. State,
 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

11:
See Alvarado,
 912 S.W.2d at 207; 
Robertson,
 871 S.W.2d at 705.

12:
Allen v. State,
 180 S.W.3d 260, 266 (Tex. App.—Fort Worth 2005, no pet.).

13:
The State concedes that murder is a lesser-included offense of capital murder.  
See McKinney v. State,
 207 S.W.3d 366, 370 (Tex. Crim. App. 2006).

14:
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005);
 Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).

15:
See Bignall v. State,
 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (“If a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required.”).