**Edwardo RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–03–00312–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 2004.

Rehearing Overruled June 9, 2004.

Karen Clark Harpold, Wendell A. Odom, Houston, TX, for Appellant.

Bridget Holloway, Assistant District Attorney—Harris County, Charles A. Rosenthal, Jr., District Attorney—Harris County, William J. Delmore, III, Chief

Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Following a jury trial, appellant, Edwardo Rodriguez, was convicted of aggravated assault on a family member. The complainant is appellant's wife. The trial court assessed appellant's punishment at six years' confinement in prison. In two issues, appellant contends that the trial court erred in (1) admitting testimony that impliedly commented on appellant's pre-arrest refusal to give a statement to the police and (2) by failing to instruct the jury sua sponte during the guilt-innocence phase that an extraneous act could not be considered unless the jury found beyond a reasonable doubt that appellant committed the act.

We affirm.

## Background

The complainant and appellant had been married approximately five years when the complainant filed for divorce. One morning, the complainant was walking home after dropping her daughter at school when appellant drove up in his van and told complainant he would give her a ride home. Reluctantly, the complainant got into appellant's van. Initially, appellant was nice to the complainant but after he drove past the complainant's house, he began yelling. Appellant told the complainant that he was upset with her and that she was "going to pay." The complainant became scared and tried to get out of the van, but appellant grabbed her arm. When the complainant began to scream, appellant covered her mouth and told her that he was going to kill her. The com-

plainant suddenly found herself on the floor in the back of the van struggling with appellant. Appellant was choking the complainant to the point that she could not breathe. Appellant then threatened the complainant with a screwdriver and again told her that he was going to kill her. In an effort to save her life, the complainant began asking appellant why he was "doing this" and repeatedly told appellant that she loved him. Appellant threw down the screwdriver, began crying, and told the complainant, "Look what you have made me do." As a result of the attack, the complainant had bruises covering her body.

Several days later, the complainant contacted the police. The complainant told Houston Police Officer David Garcia about the attack and gave a statement. At that time, Officer Garcia called appellant to obtain his version of the events. Officer Garcia made the call on a speaker phone, which allowed the complainant to hear the conversation. During the telephone call, appellant became angry and told Officer Garcia that if the officer wanted to talk to him, then the officer should "come over" and that appellant would have "something" for the officer. At trial, Officer Garcia testified that he felt threatened by appellant's remarks.

## Testimony Implicating Pre–Arrest Silence

In his first issue, appellant contends that the trial court erred by allowing the State to introduce testimony from the complainant and Officer Garcia that violated his Fifth Amendment right against self-incrimination. Appellant initially states his first issue as follows: "The trial court erred in the guilt/innocence phase of the trial when the State was allowed to elicit testimony that the police officer investigating the case asked the defendant/appellant

to make a statement and the defendant/appellant did not give an explanation."

Despite the initial phrasing of appellant's first issue, the substance of appellant's argument offered in support of this issue focuses on the witnesses' testimony regarding the threatening remarks appellant made to Officer Garcia on the telephone when Officer Garcia asked appellant if he wanted to give a statement. Appellant reasons that such testimony left the jury with the impression that appellant refused to speak to Officer Garcia and chose to remain silent. Appellant advances the proposition that permitting evidentiary use of pre-arrest silence violates the Fifth Amendment.[1]

Appellant did not object to the admission of the testimony that he now complains of on appeal. Rather, appellant expressly objected to the State's eliciting testimony from the complainant and from Officer Garcia that appellant refused to give a statement to the police. Neither witness gave such testimony.[2]

Appellant did not object to the admission of the witnesses' testimony regarding the threatening remarks that appellant made on the telephone to Officer Garcia. When the trial court instructed the complainant to state only what appellant had actually said to Officer Garcia, appellant did not object. And when the State asked the witnesses what appellant said to Officer Garcia, appellant also did not object.

■ Regardless of the propriety of his complaint, appellant has not preserved error for our review regarding the witnesses' testimony. For appellant to have preserved error, the record must show that he made a timely and specific objection to the admission of the complained-of testimony, and that the trial court made an express or implied ruling on the objection. TEX. R.APP. P. 33.1; TEX.R. EVID. 103. The point of error on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). Because appellant's complaint on appeal does not comport with his trial objection, he has waived this issue. TEX. R.APP. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App.2002).

We overrule appellant's first issue.

### Failure to Give Jury Instruction Relating to Extraneous Act

■ In his second issue, appellant contends that the trial court erred by failing to instruct the jury during the guilt-innocence phase that an extraneous act could not be considered unless the jury found beyond a reasonable doubt that appellant committed the act. We disagree.

In *George v. State*, the Court of Criminal Appeals held that, *if requested* at the guilt-

1. In dicta, this Court and the Court of Criminal Appeals has recognized that pre-arrest silence is admissible. *Waldo v. State*, 746 S.W.2d 750, 755 (Tex.Crim.App.1988); *Heidelberg v. State*, 112 S.W.3d 658, 661 (Tex. App.-Houston [1st Dist.] 2003, pet. granted). In *Lee v. State*, the Court of Criminal Appeals held that the prosecutor's statements concerning the defendant's pre-arrest silence was not clearly error. 15 S.W.3d 921, 926 (Tex.Crim. App.2000); *see also Rosas v. State*, 76 S.W.3d 771, 776 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The *Lee* court noted that neither it nor the United States Supreme Court has addressed the admissibility of a defendant's

pre-arrest silence and recognized the split among the federal courts of appeals on this issue. *Lee*, 15 S.W.3d at 924.

2. When appellant made this objection during the State's examination of the complainant, the trial court implicitly sustained the objection by instructing the complainant to testify only as to what appellant actually said. When appellant made the objection during the State's examination of Officer Garcia, the State voluntarily agreed not to ask Officer Garcia whether appellant gave a statement.

innocence phase of the trial, the trial court must instruct the jury not to consider extraneous offense evidence admitted for a limited purpose unless it is believed beyond a reasonable doubt that the defendant committed the extraneous offense. 890 S.W.2d 73, 76 (Tex.Crim.App.1994). Even though he admittedly did not make such a request, appellant argues that the trial court should have sua sponte given such an instruction.

In support of his position, appellant cites *Huizar v. State,* 12 S.W.3d 479 (Tex.Crim. App.2000). The *Huizar* court held that, *in the punishment phase* of non-capital cases, a trial court is statutorily required under Code of Criminal Procedure article 37.07, section 3(a), but not constitutionally required, to instruct a jury sua sponte that it may not consider extraneous-offense evidence unless it finds the extraneous offenses have been proven beyond a reasonable doubt. *Id.* at 484–85.

The issue of whether the holding in *Huizar* should be extended to apply to the guilt-innocence phase has been decided neither by the Court of Criminal Appeals nor by an intermediate appellate court in a published opinion. The San Antonio and Dallas Courts of Appeals in unpublished opinions have extended *Huizar's* holding to require the trial court to give the reasonable doubt instruction for extraneous offenses during the guilt-innocence phase. *See Chapa v. State,* No. 04–02–00346–CR, 2003 WL 1025148 at *1–*2 (Tex.App.-San Antonio March 12, 2003, pet. ref'd) (not designated for publication); *Arnold v. State,* No. 05–01–01733–CR, 2002 WL 31569537 at *1 (Tex.App.-Dallas Nov.20,

2002, no pet.) (not designated for publication). The Amarillo and Fourteenth Courts of Appeals have reached the opposite conclusion. *See Gilbert v. State,* No. 14–02–00727–CR, 2003 WL 22176625 at *4 (Tex.App.-Houston [14th Dist.] Sept. 23, 2003, no pet.) (not designated for publication); *Salazar v. State,* No. 07–01–0389–CR, 2002 WL 246642 at *3 (Tex.App.-Amarillo Feb. 21, 2002, pet. denied) (not designated for publication). Because the statutory duty discussed in *Huizar* does not apply to the *guilt-innocence phase of trial,* we agree with the Amarillo and Fourteenth Courts of Appeals and hold that the trial court in this case did not err by failing to give the reasonable doubt instruction for extraneous offenses.[3]

We overrule appellant's second issue.

### Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

---

**3.** Without deciding whether the holding in *Huizar* should be extended to apply to the guilt-innocence phase, this Court held in an unpublished opinion that the trial court did not err in failing to give the jury sua sponte the reasonable doubt instruction with regard to an extraneous offense because the appel-lant had not requested such an instruction. *Curtis v. State,* Nos. 01–02–00492–CR, 01–02–00493–CR, 2003 WL 22413423 at *2 (Tex. App.-Houston [1st Dist.] Oct. 23, 2003, pet. filed) (not designated for publication) (citing *George v. State,* 890 S.W.2d 73, 76 (Tex.Crim. App.1994)).