Opinion issued December 15, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04–01151-CR




LONNIE HENRY RECTOR, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 714415




MEMORANDUM OPINION

          A jury found appellant guilty of aggravated robbery and, after finding one
enhancement paragraph true, assessed punishment at life in prison plus a $10,000
fine. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant appealed and this
court affirmed the conviction and sentence. Rector v. State, No. 01–96–00698–CR,
1997 WL 665503 (Tex. App.—Houston [1st Dist.] Oct. 16, 1997, no pet.). On July
15, 2002, appellant filed a Motion for Forensic DNA Testing of Evidence. Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2005). The trial court granted the
motion and the State submitted the evidence for testing. On October 19, 2004, the
trial court adopted the State’s Proposed Findings and found that had the DNA test
results been available during the trial of the offense, it was not reasonably probable
that the person would not have been convicted. Appellant appeals this finding.
          In one point of error, appellant argues that the evidence was legally insufficient
to support the trial court’s finding because the trial court’s order did not meet
statutory requirements and, thus, the DNA test results were unreliable and
inadmissible. Because a review of the sufficiency of the evidence on the criminal
side requires consideration of all evidence, even though erroneously admitted, we
read defendant’s point of error as complaining of the admissibility of the DNA results 
obtained pursuant to an invalid order with no showing of reliability. Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 2000); Rodriguez v. State, 819 S.W.2d
871, 873 (Tex. Crim. App. 1991)
          We affirm.
Background
           On January 30, 1996, appellant forced his way into complainant’s car, struck
her, choked her, and stabbed her multiple times. The police later arrested him at his
apartment. At that time, the police took a knife and a belt from appellant’s apartment. 
The State did not present DNA evidence at trial, but they did use the knife as an
exhibit. Subsequent to his conviction, appellant filed a motion requesting DNA
testing on the knife and the belt. The knife and belt were sent to Orchid Cellmark
Laboratory along with a sample of the complainant’s blood. No DNA evidence was
found on the knife, but the samples found on the belt were consistent with the
complainant’s DNA profile. As a result, the State recommended, and the trial court
found, that the DNA test results would not have provided exculpatory evidence at
appellant’s original trial.
Analysis
          Article 64.03(d) of the Texas Code of Criminal Procedure sets forth
requirements that must be included in the order if the court orders the testing to be
done by a third-party laboratory. Among other things, article 64.03(d) requires the
court to include requirements in the order that “the DNA testing be conducted under
reasonable conditions designed to protect the integrity of the evidence and the testing
process” and that “the DNA testing employ a scientific method sufficiently reliable
and relevant to be admissible under Rule 702, Texas Rules of Evidence.” Tex. Code
Crim. Proc. Ann. art. 64.03(d). Appellant contends that, because the order did not
contain the language required under article 64.03(d), the DNA test results lack the
reliability required for the trial court to find that the results were not favorable to the
appellant. Because we determine that appellant has raised both a procedural and a
substantive issue, we will address them separately.
          A.      Procedural Issue
          Appellant argues that the court’s order did not follow the requirements of
article 64.03 of the Texas Code of Criminal Procedure. Assuming without deciding
that the court’s order was deficient, we find no place in the record where appellant
objected to this error. To preserve error for appellate review, the complaining party
must make a timely, specific objection, at the earliest opportunity and obtain an
adverse ruling. Tex. R. App. P. 33.1(a); Valle v. State, 109 S.W.3d 500, 509 (Tex.
Crim. App. 2003); Rodriguez v. State, 137 S.W.3d 228, 230 (Tex. App.—Houston
[1st Dist.] 2004, no pet.). The order granting appellant’s request for DNA testing was
signed on July 15, 2002. The State notified appellant of its intent to have the testing
performed by a third-party lab on July 24, 2003. Appellant was notified of the results
on October 12, 2004. The State filed its Motion for Findings of Fact, and the court
adopted them on October 19, 2004. At no point did appellant object to the deficiency
of the order or to the type of lab used.


 We hold that appellant has waived any error
in the trial court’s order.
          B.      Substantive Issue
          Appellant argues that the DNA test results were not reliable under Rule 702 of
the Texas Rules of Evidence. However, any procedural defect in the court’s order
does not automatically render the evidence unreliable. While the order lacked the
language instructing the lab to “employ a scientific method sufficiently reliable and
relevant to be admissible under Rule 702,” this does not necessarily mean that the
laboratory did not use the requisite scientific method. This was an issue to be raised
and ruled on in the required hearing. Tex. Code Crim. Proc. art. 64.04 (Vernon
Supp. 2005).
          Because appellant failed to properly preserve any error as to the court’s order,
we hold that the report was legally sufficient to support the trial court’s findings. We
overrule appellant’s point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).