TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00229-CR






David Glynn Reynolds II, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 58297, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 A jury convicted appellant David Glynn Reynolds II, of the offense of sexual assault
of a child and assessed punishment at 13 years' confinement, plus a $10,000 fine. See Tex. Penal
Code Ann. § 22.011(a)(2) (West Supp. 2006). In his sole issue on appeal, Reynolds contends that
the district court erred by failing to sua sponte instruct the jury on the State's burden of proof
regarding extraneous offense evidence admitted during the guilt/innocence phase of trial. We will
affirm.

BACKGROUND

 The jury heard evidence that Reynolds, a 30-year-old man, had a sexual relationship
with S. W, then a 15-year-old girl, while Reynolds was working as a youth minister at S. W.'s
church. S. W. testified that her relationship with Reynolds began as a friendship. Reynolds was the
"mime minister" for S. W.'s church, directing separate teams of boys and girls in the performance
of Bible passages using interpretative dance. S. W. joined the girls team when she was 14 and
gradually developed a "crush" on Reynolds because he was a "fun person to be around." S. W.
explained that she frequently talked with Reynolds over the phone and exchanged many text
messages with him, primarily discussing problems with her parents and other team members. 
However, some of the text messages were of a sexual nature, and "fragments" of these messages
were later recovered by the authorities and admitted into evidence. Eventually the relationship
between S. W. and Reynolds escalated into a series of sexual encounters. Through the testimony of
S. W. and Dana White, a sexual assault nurse who examined S. W., the jury heard evidence of
multiple sexual acts between Reynolds and S. W., including intercourse. S. W. testified that she
believed she only engaged in intercourse with Reynolds once but, "because there had been so many
incidents," S. W. was uncertain and testified that it could have happened twice. (1) 

 The indictment alleged only one act of sexual assault--penetration of S. W.'s sexual
organ with Reynolds's sexual organ. The State introduced evidence of Reynolds's other sexual acts
with S. W. as proof of a scheme by Reynolds to seduce an underage girl into having sexual
intercourse with him. The jury found Reynolds guilty of sexual assault. 

 In the punishment phase of the trial, the State introduced evidence that Reynolds was
then on deferred adjudication for injury to another child that had been reduced from an initial charge
of sexual assault to a child. That victim testified to a series of acts by Reynolds similar to those
involving S. W.: the victim met Reynolds at the church while she was 14, they began communicating
via cell phone, Reynolds sided with her in conflicts with her parents, and gradually cultivated a close
friendship that became sexual and involved intercourse. 

 The district court sua sponte charged the jury during the punishment phase that it
could not consider the extraneous offense in assessing punishment unless it believed, beyond a
reasonable doubt, that Reynolds committed the offense. See Huizar v. State, 12 S.W.3d 479, 481-
82 (Tex. Crim. App. 2000). The court gave no such instruction during the guilt/innocence phase,
however, nor did Reynolds request it or object to its omission. The jury assessed punishment at 13
years' confinement, plus a $10,000 fine. 


DISCUSSION

 In Huizar v. State, the court of criminal appeals, applying article 37.07 of the code
of criminal procedure, held that trial courts must instruct the jury that extraneous offense evidence
may not be considered in assessing punishment unless the fact-finder is satisfied beyond a
reasonable doubt that the extraneous offense is attributable to the defendant and that this
instruction must be given even if not requested by the defendant. 12 S.W.3d at 481-82; see
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2006). In his sole issue on appeal, Reynolds
argues that Huizar's reasoning also extends to the guilt/innocence phase of the trial and that the
district court's failure to give a reasonable doubt instruction sua sponte was egregious error and
harmful. See Huizar, 12 S.W.3d at 484-85; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985)(op. on reh'g).

 The court of criminal appeals has held that, if so requested, a trial court must instruct
the jury not to consider extraneous offense evidence admitted during the guilt/innocence phase
unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. 
George v. State, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994). But to date, the court of criminal
appeals has not addressed whether trial courts are required to give such an instruction absent a
request. Our sister courts have split on this issue. Compare Allen v. State, 180 S.W.3d 260, 266
(Tex. App.--Fort Worth 2005, no pet.); Rodriguez v. State, 137 S.W.3d 228, 231 (Tex.
App.--Houston [1st Dist.] 2004, no pet.); Gilbert v. State, No. 14-02-00727-CR, 2003 Tex. App.
LEXIS 8158, at *12 (Tex. App.--Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op., not
designated for publication); Salazar v. State, No. 07-01-0389-CR, 2002 Tex. App. LEXIS 1335, at
*10 (Tex. App.--Amarillo Feb. 21, 2002, pet. denied) (not designated for publication) (burden-of-proof instruction not required unless requested) with Rodgers v. State, 180 S.W.3d 716, 724 (Tex.
App.--Waco 2005, no pet.); Chapa v. State, No. 04-02-00346-CR, 2003 Tex. App. LEXIS 2091,
at *3 (Tex. App.--San Antonio March 12, 2003, pet. ref'd) (mem. op., not designated for
publication); Arnold v. State, No. 05-01-01733-CR, 2002 Tex. App. LEXIS 8186, at *4 (Tex.
App.--Dallas Nov. 20, 2002, no pet.) (not designated for publication) (instruction required even if
not requested).

 In Wright v. State, No. 03-05-00419-CR, 2006 Tex. App. LEXIS 9322 (Tex.
App.--Austin Oct. 25, 2006, pet. filed), this Court held that article 37.07 is limited to the
punishment phase of the trial and, therefore, so is the Huizar rule. Id. at *27-29. Unless and until
the court of criminal appeals instructs us otherwise, we will follow our prior opinion in Wright. As
Wright is squarely contrary to Reynolds's contention that the district court was required to sua sponte
instruct the jury on the burden of proof regarding extraneous offenses during guilt/innocence, we
overrule his issue on appeal. (2) 


CONCLUSION

 Having overruled Reynolds's sole issue on appeal, we affirm the judgment of the
district court.

 


 

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 7, 2007

Do Not Publish 
1. Because S. W. was under age 17 at the time, consent was not an element of the offense. See
Tex. Penal Code Ann. § 22.011(a)(2), (c) (West Supp. 2006). 
2. We thus need not reach the State's alternative argument that proof of Reynolds's other
sexual acts with S.W. were not extraneous offenses but "rather are so interwoven and blended with
the offense charged as to constitute same transaction contextual evidence." See Rogers v. State, 853
S.W.2d 29, 33(Tex. Crim. App. 1993) ("same transaction contextual evidence" exception refers to
situations in which "several crimes are intermixed, or blended with one another, or connected so that
they form an indivisible criminal transaction, and full proof by testimony, whether direct or
circumstantial, of any one of them cannot be given without showing the others.").