Opinion filed February 28, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed February 28,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00209-CR 

                                                     __________

 

                             ROYCE
COLON PATTERSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 266th District Court 

                                                           Erath
County, Texas

                                                 Trial
Court Cause No. CR12361

 



 

                                                                   O
P I N I O N

Royce
Colon Patterson was indicted for aggravated assault.  He pleaded not guilty and
proceeded to a jury trial.  The jury returned a guilty verdict.  Appellant
pleaded true to two enhancement paragraphs, and the jury assessed his
punishment at ninety-nine years confinement in the Institutional Division of
the Texas Department of Criminal Justice.  We affirm.

                                                                 Issues
on Appeal








Appellant
raises two issues on appeal.  First, he asserts that the trial court erred in
failing to  sua sponte instruct the jury that, before it could consider
extraneous offense evidence, it must find that the State had proved those
offenses beyond a reasonable doubt.  Next, appellant asserts that the evidence
was legally and factually insufficient to show that he knowingly and
intentionally caused serious bodily injury to the victim by hitting and kicking
her.

                                                      Reasonable
Doubt Instruction

Appellant
argues that the State introduced evidence of extraneous offenses during the
guilt/innocence phase of the trial.  The complained of evidence consists of: 
(1) testimony from the victim that appellant had sexually assaulted her and kidnapped
her at the same time as the charged incident; (2) testimony from the victim 
that appellant  had assaulted her in the past; (3) testimony from Officer Larry
R. Wand that appellant had removed his parole ankle monitor in an attempt to
flee the jurisdiction; and (4) testimony from Kit Myers, appellant=s parole officer, that
appellant had previous involvement with law enforcement officials.  Appellant
did not request an instruction in the charge that the State must prove any
extraneous offenses beyond a reasonable doubt.  However, appellant argues that
the trial court should have sua sponte instructed the jury that the State must
prove these extraneous offenses beyond a reasonable doubt.








When
extraneous offense evidence is introduced during the guilt/innocence phase of
trial and the defendant requests a reasonable doubt instruction, the trial
court must provide one.   Ex parte Varelas, 45 S.W.3d 627, 631 (Tex.
Crim. App. 2001).  When extraneous evidence is offered during the punishment
phase, the trial court must sua sponte provide a reasonable doubt instruction. Huizar v.
State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  In Huizar, the
Court of Criminal Appeals noted that the reasonable-doubt-instruction
requirement was based on Tex. Code Crim.
Proc. Ann. art. 37.07, '
3(a) (Vernon Supp. 2007), which was only applicable to the penalty stage of
trial.  Huizar, 12 S.W.3d at 484.  Several intermediate appellate courts
have considered the trial court=s
obligation when extraneous offense evidence is offered during the
guilt/innocence phase of trial but the defendant does not request an
instruction.[1]  This court
has held that the trial court need not sua sponte instruct the jury that
extraneous offenses must be proven beyond a reasonable doubt during the
guilt/innocence phase of the trial.  Brown v. State, No. 11-06-00218-CR,
2007 WL 2671376 (Tex. App.CEastland
Sept. 13, 2007, pet. ref=d).

In
Brown, we agreed with the Austin Court of Appeals=s reasoning in Wright v. State, 212
S.W.3d 768, 778-79 (Tex. App.CAustin
2006, pet. ref=d). 
The reasonable doubt instruction is based on Article 37.07, section 3(a) and is
the statutorily prescribed law applicable to the case at the penalty stage of
trial.  Further, the statute=s
language is restricted to the punishment phase of the trial.  Brown,
2007 WL 2671376, at *7.  Appellant argues that sometimes the common law serves
as the basis for the law applicable to the case.  Because the Court of Criminal
Appeals held in Huizar that Article 37.07, section 3(a) is only
applicable to the punishment phase of trial, we do not find appellant=s argument persuasive.  We
find no reason to differ from our holding in Brown.  We overrule
appellant=s first
issue.

Legally
and Factually Sufficient Evidence

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

            In
order to determine if the evidence is factually sufficient, the appellate court
reviews all of the evidence in a neutral light.  Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.








Appellant
argues that the evidence was legally and factually insufficient to show that
the victim sustained serious bodily injury.  A person commits an aggravated
assault if the person intentionally, knowingly, or recklessly causes serious
bodily injury to another person. Tex.
Penal Code Ann. '
22.02 (Vernon Supp. 2007).  Serious bodily injury is defined as an injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.  Tex. Penal Code Ann.
' 1.07(46) (Vernon
Supp. 2007).  The State must present relevant and probative evidence from which
a jury could infer beyond a reasonable doubt that the bodily injury sustained
created a substantial risk of death from the injury itself and not from some
hypothetical or mere possibility that the bodily injury created a substantial
risk of death.  Moore v. State, 739 S.W.2d 347, 352 (Tex. Crim. App.
1987).  We look to the injury at the time it was inflicted, not after the
effects have been ameliorated by medical treatment.  Brown v. State, 605
S.W.2d 572, 575 (Tex. Crim. App. 1980).  Substantial risk of death is not
limited to only those cases in which death actually results from an injury or
injuries. Moore, 739 S.W.2d at 354.  The legislature meant to define the
relative seriousness of bodily injuries without specific reference to whether
or not such injuries receive prompt and professional medical attention.  Fancher
v. State, 659 S.W.2d 836 (Tex. Crim. App. 1983) (holding evidence that
victim sustained a five-inch skull fracture that the treating doctor described
as serious was sufficient to show serious bodily injury); Boney v. State,
572 S.W.2d 529 (Tex. Crim. App. 1978) (holding that evidence showing that a
laceration eight and one-half inches in length, if unattended, could cause a
substantial risk of death was sufficient to show serious bodily injury even
though it was treated).

In
this case, Dr. Larry Mark Bragg testified that he treated the victim in the
emergency room for a pneumothorax.  Dr. Bragg testified that a pneumothorax is
a collection of air in the chest cavity between the chest wall and the lung. 
He further testified that a pneumothorax left untreated causes a substantial
risk of death.  Dr. Bragg also testified that the victim also suffered multiple
abrasions, bruises, and a broken rib.  He stated that it is common for someone
who has a broken rib to also have pneumothorax.  The victim testified that
after the assault she was having trouble breathing.  She went to the hospital
and was treated by a doctor there.  She testified that Dr. Bragg pulled her rib
out of her lung and had to cut her in order to put a tube in her lung.  She
further testified that she was admitted to the hospital for a few days and had
some follow-up treatment.








The
testimony from Dr. Bragg established that the pneumothorax suffered by the
victim created a substantial risk of death.  There is no evidence contradicting
Dr. Bragg=s testimony.
Therefore, applying the applicable standards of review, the evidence is both legally
and factually sufficient to show that the victim suffered serious bodily
injury.  We overrule appellant=s
second issue on appeal.

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

JUSTICE

 

February 28,
2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Compare Rodgers
v. State, 180 S.W.3d 716, 723-24 (Tex. App.CWaco 2005, no pet.) (Huizar applies to guilt/innocence phase of
trial); with Wright v. State, 212 S.W.3d 768, 778-79 (Tex. App.CAustin 2006, pet. ref=d) (Huizar does not apply to the guilt/innocence phase of
trial); Allen v. State, 180 S.W.3d 260, 266 (Tex. App.CFort Worth 2005, no pet.) (same); Rodriguez v.
State, 137 S.W.3d 228, 231 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (same).