Opinion issued May 6, 2010

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-09-00336-CR

________________

 



JOHN ANTHONY SALDIVAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee 

 

 



On Appeal from the 359th District Court

Montgomery County, Texas

Trial Court Cause No. 08-03-03139-CR[1]

 

 



MEMORANDUM OPINION

 

          A jury convicted appellant, John Anthony Saldivar, of two
counts of aggravated sexual assault of a child, and the court assessed
punishment at life imprisonment on each count to run consecutively.  See
Act of May 15, 2001, 77th Leg., R.S., ch. 459, § 5, 2001 Tex. Gen. Laws 893,
898 (amended 2003) (current version at Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2009)).  On appeal, appellant argues that the trial
court erred by (1) allowing the State to comment about and introduce evidence of
appellant’s pre-arrest silence, which violated his state and federal
constitutional rights against self-incrimination, and (2) stacking the two sentences,
violating the double jeopardy clauses of the United States and Texas
Constitution.  We affirm.

BACKGROUND

In 2005, appellant met and started
dating Yolanda, A.C.’s mother.  After a
few months of dating, appellant moved into the apartment Yolanda shared with
her children.  Yolanda had four children
from previous relationships, three boys and one girl, A.C.  At first, appellant was “really great” with
Yolanda’s children and would take them on outings.  Yolanda and appellant were eventually
married.

At some point, Yolanda noticed that
appellant treated A.C. differently than the other children.  Appellant treated A.C. more favorably than
her brothers, and he was vigilant of the clothes A.C. wore.  He would look at A.C. suggestively when he
thought she was not looking.  Yolanda
described that sometimes “his looks were more longing.”  While in the car, appellant would
occasionally adjust the rearview mirror so he could look at A.C.

Years after appellant first began
living with Yolanda and her family, A.C. told her mother that appellant had
been sexually abusing her.  Yolanda found
A.C. on the floor of the master bedroom crying. 
A.C. told Yolanda that appellant had hurt her.  Yolanda testified that A.C. told her that, at
first, appellant would “rub her all over” and kiss her mouth and body.  A.C. told her that appellant “put his penis
in her mouth” and “[w]hen she would push away, he would pull [A.C.]’s hair so
that she wouldn’t move away from him.”  A.C.
said that appellant had “put his penis in her vagina.” A.C. recalled several
instances ranging from when she was about seven to ten years old.  A.C. was very scared of appellant because he
told her not to tell anyone and she was scared he was going to do worse things.
 

A.C. described the abuse at trial.  Shortly after moving in with the family,
appellant became very “touchy” towards A.C. and would touch her in places she
did not want to be touched.  Appellant
would touch her chest, vagina, and buttocks, while she was wearing clothing and
asked if she liked it.  A.C. described an
instance when appellant forced her to watch pornography, then put his penis in
her vagina, and then in her mouth.  A.C.
testified that it happened about four or five times.  After every instance, appellant always told
A.C. to take a shower.  Appellant told
A.C. never to tell because if he left her mother, their family would be on the
street.  A.C. finally told her mother
about the abuse shortly before her 15th birthday, six years after the abuse first
started.

Appellant was indicted in a
two-paragraph indictment listing two counts of aggravated sexual assault of a
child.  One count related to appellant’s
intentionally and knowingly causing the mouth of A.C. to contact his sexual
organ.  The second count related to
appellant’s intentionally and knowingly causing the sexual organ of A.C. to
contact his sexual organ.  The indictment
alleged that both offenses were committed by appellant on or about September
24, 2001, when A.C. was a child younger than 14 years of age.  Before trial, the State filed a motion
requesting that the sentences be run consecutively.  Appellant never objected on double jeopardy
grounds at trial.

DISCUSSION

A.  
Pre-Arrest Silence

          In
his first issue, appellant challenges the constitutionality of the prosecutor’s
opening statement and introduction of evidence that appellant refused to
cooperate with the police investigation prior to appellant’s arrest.    In his
brief, appellant quotes portions of the prosecutor’s opening statement and
testimony of several witnesses, arguing that the comments violate his right to
remain silent.  All of the instances
related to appellant’s demeanor and refusal to cooperate in the investigation
before he was arrested.  

          To preserve an issue for appellate review, the trial
record must reflect that appellant made a timely objection stating the specific
legal basis.  Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1); Layton v. State, 280 S.W.3d
235, 238–39 (Tex. Crim. App. 2009). 
Usually, a defendant procedurally defaults a claim of error when he
fails to raise it in the trial court.  Saldano v. State, 70 S.W.3d 873, 886–87
(Tex. Crim. App. 2002).  However, certain
fundamental errors may be raised for the first time on appeal.  Marin v.
State, 851 S.W.2d 275, 279–80 (Tex. Crim. App.1993).

Appellant did not object to any of
the complained of instances at trial.  We
conclude appellant failed to preserve this issue for appeal.  See Tex. R. App. P. 33.1(a); Rodriguez v. State, 137 S.W.3d 228, 230
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that appellant failed
to preserve error concerning use of his pre-arrest silence by failing to object
at trial). 

Appellant argues that the error was
so fundamental to the judicial process that it requires reversal, despite his
failure to make a proper trial objection. 
However, appellant has not cited any authority holding that a
prosecutor’s comment or evidence relating to a defendant’s pre-arrest silence
is the type of error that is so fundamental it can be raised for the first time
on appeal.  

It is well established that a
complaint concerning the admission of evidence of defendant’s silence is waived
in the absence of an objection.  Wheatfall v. State, 882 S.W.2d 829, 836
(Tex. Crim. App. 1994) (complaint concerning admission of evidence of defendant’s
post-arrest silence waived in absence of objection); Ransom v. State, 789 S.W.2d 572, 584–85 (Tex. Crim. App. 1989)
(failure to object to comments on defendant’s post arrest silence results in
waiver of right to complain on appeal); Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (comment on accused’s
exercise of right against self-incrimination is not fundamental error and may
be waived by failure to object); Rodriguez
v. State, 137 S.W.3d 228 (Tex. App.—Houston [1st Dist] 2008, pet. ref’d) (holding
that appellant failed to preserve error concerning use of his pre-arrest
silence by failing to object at trial).  We
therefore overrule appellant’s first issue. 

          B.  Double Jeopardy 

          In
his second issue, appellant argues that the trial court subjected him to double
jeopardy by running his two life sentences consecutively rather than
concurrently.  Specifically, appellant
argues that the court could not stack the two sentences because the convictions
arose from the same criminal episode.

1.     Applicable Law        

          There
are three distinct types of double-jeopardy claims: (1) a second prosecution
for the same offense after acquittal, (2) a second prosecution for the same
offense after conviction, and (3) multiple punishments for the same offense.  Langs
v. State, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).  To successfully raise a “multiple punishment”
double-jeopardy claim for the first time on appeal, the face of the trial
record must clearly show a double-jeopardy violation.  Id. at
682.   

A double-jeopardy claim of multiple
punishments for the same offense can arise in two contexts: (1) when a greater
offense also meets the elements of a lesser-included offense, and the same
conduct is punished twice; and (2) punishing the same criminal act twice under
two distinct statutes when the legislature intended the conduct to be punished
only once (for example, causing a single death by committing both intoxication
manslaughter and involuntary manslaughter). 
Id. at 685.  “With respect to cumulative sentences imposed
in a single trial, the Double Jeopardy Clause does no more than prevent the
sentencing court from prescribing greater punishment than the legislature
intended.”  Gonzales v. State, No. PD-0337-09, 2010 WL 625056, at *4 (Tex.
Crim. App. Feb. 24, 2010) (quoting Missouri
v. Hunter, 459 U.S. 359, 366, 103 S. Ct. 673 (1983)).  “The question is whether the Legislature
intended that he could be subjected to such multiple punishments.”  Id.

The Texas Legislature has expressly provided
for multiple punishment for multiple violations of Section 21.021 (Aggravated
Sexual Assault) committed against a victim younger than 17 years of age, arising
out of the same criminal episode and prosecuted in a single criminal action.[2]
 Act of May 31, 1997, 75th Leg., R.S.,
ch. 667, § 2, 1997 Tex. Gen. Laws 2250, 2251 (amended 2005) (current version at
Tex. Penal Code Ann. § 3.03(b)
(Vernon Supp. 2009)).  Further, the Legislature
expressly provided that “the sentences may run concurrently or consecutively”
if each sentence is for a conviction of Section 21.021 (Aggravated Sexual
Assault) committed against a victim younger than 17 years of age.  Id. 

The Court of Criminal Appeals held
that there was no double-jeopardy violation when the appellant was convicted in
a single trial under two counts of an indictment for penetration of a child’s
anus and penetration of the child’s sexual organ during a single incident.  Gonzales,
2010 WL 625056, at *8.  The Court in Gonzales explained: 

The Legislature intended that penetration of a child’s
anus should be regarded as a distinct offense from penetration of her sexual
organ even if they occur during the course of the same incident or transaction.
 Because the appellant has suffered no
greater punishment than the Legislature intended, the Double Jeopardy Clause is
not implicated. 

 

Id.  Similarly, in Vick v. State, the Court held that there was no double-jeopardy
violation for multiple prosecutions for aggravated sexual assault “based on the
same transaction, but different manners of committing the offense.”  See 991
S.W.2d 830, 833–34 (Tex. Crim. App. 1999) (holding that “two indictments
alleged violations of separate and distinct statutory aggravated sexual assault
offenses” and were separate offenses that could be separately prosecuted).  The Court in Vick explained:

The penetration offense alleged in the first indictment
clearly required a separate and distinct act (involving appellee’s sexual organ
with the child's female sexual organ) from the act alleged in the second
indictment (which involved appellee’s mouth with the child's sexual organ). . .
. That conduct [alleged in the second indictment] constituted a separate and
distinct statutory offense from the alleged penetration of the child’s sexual
organ by appellee’s sexual organ, despite the fact both are violations of a
single statute.  

 

Id. at 833.  The inquiry for double jeopardy purposes ends
once it is determined that two separate and distinct statutory violations are
alleged that involve separate and distinct acts.  Id.   

2.     Analysis

Appellant was convicted of two counts
of aggravated sexual assault of A.C., a child younger than 14 years of age at
the time of the offense.  Count 1 alleged
that appellant intentionally and knowingly caused A.C.’s mouth to contact his
sexual organ, an offense under Section 22.021(a)(1)(B)(v).  See
Tex. Penal Code Ann. § 22.021.  Count 2 alleged that appellant intentionally
and knowingly caused A.C.’s sexual organ to contact his sexual organ, an
offense under Section 22.021(a)(1)(B)(iii). 
See id.  The two counts were two separate and distinct
statutory violations that involved separate and distinct acts; appellant’s
contact of his sexual organ with A.C.’s mouth was a separate offense from
contact of his sexual organ with A.C.’s sexual organ.  See Vick, 991 S.W.2d at 833 (holding that contact
of accused’s sexual organ with victim’s sexual organ was separate offense from
contact of his mouth with victim’s sexual organ); see also Gonzales, 2010 WL 625056, at *8.  

Appellant cites to Patterson and Saldana in support of his double-jeopardy argument.  See
Patterson v. State, 152 S.W.3d
88, 92 (Tex. Crim. App. 2004) (“Just as a conviction for a completed offense
bars prosecution for an attempt to commit the same offense, a conviction for an
offense set out in § 3.03 bars conviction for conduct that, on the facts of the
case, is demonstrably part of the commission of the greater offense.”); Saldana v. State, 287 S.W.3d 43, 56–57
(Tex. App—Corpus Christi 2008, no pet.). 
Patterson held that, under the
facts of that case, the offense of indecency with a child by exposure was
committed as part of the aggravated assault offense, and thus, the indecency
offense was not subject to prosecution as a separate offense.  Id. at
92.  The Court in Patterson explained that the indecent exposure of the appellant’s
genitals was demonstrably part of the commission of the greater offense of aggravated
sexual assault by penetrating the anus of the child victim with his sexual
organ because he necessarily had to expose his genitals in order to commit the
greater offense.  Id.  Similarly, Saldana observed, “a conviction for a
completed sexual assault bars conviction for conduct that is demonstrably part
of the commission of that offense.”  Saldana, 287 S.W.3d at 57 (quoting Barnes v. State, 165 S.W.3d 75, 87 (Tex.
App.—Austin 2005, no pet.)).  In Saldana, the court held that the appellant was punished twice for the same offense,
where the record demonstrated that the indecency with a child by contact was
based on the same conduct as the greater offense of aggravated sexual assault
by penetration of the victim’s sexual organ.  
Id. at 58.

Unlike Patterson and Saldana,
each count alleged in the present case is a distinct act.  Appellant was convicted of two counts of
aggravated sexual assault under Section 22.021 of the Texas Penal Code.  Appellant first caused the victim’s mouth to
contact his sexual organ, and second, caused the victim’s sexual organ to
contact his sexual organ.  Neither act
can be subsumed by the other.  

Accordingly, we conclude that
appellant’s two convictions for aggravated sexual assault related to two
distinct acts, and the trial court did not err in assessing consecutive
sentences.  See Tex. Penal Code Ann.
§§ 3.03, 22.021.  Because each count of
aggravated sexual assault alleged separate offenses, neither of which could be
subsumed by the other, no double-jeopardy violation is apparent from the
record.  We overrule appellant’s second
issue.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                          

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish.  See Tex. R. App. P. 47.2(b).











[1]  Originally
appealed to the Ninth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts.  See
Tex. Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Ninth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.





[2] At the time of the offense alleged in the indictment,
Section 3.03 provided in relevant part:

 

(a) When the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted in a single
criminal action, a sentence for each offense for which he has been found guilty
shall be pronounced. Except as provided by Subsection (b), the sentences shall
run concurrently.

 

(b) If the accused is found guilty of more than one
offense arising out of the same criminal episode, the sentences may run
concurrently or consecutively if each sentence is for a conviction of: . . .

 

(2) an offense:

 

(A) under Section 21.11, 22.011, 22.021, 25.02, or
43.25 committed against a victim younger than 17 years of age at the time of
the commission of the offense regardless of whether the accused is convicted of
violations of the same section more than once or is convicted of violations of
more than one section[.]

 

Act
of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 1997 Tex. Gen. Laws 2250, 2251
(amended 2005) (current version at Tex.
Penal Code Ann. § 3.03(b) (Vernon Supp. 2009)).